

STEVENS & LEE, P.C.
485 Madison Avenue
New York, New York 10022
Telephone: (212) 319-8500
Facsimile: (212) 319-8505
Alec P. Ostrow
Constantine D. Pourakis
Email: apo@stevenslee.com
cp@stevenslee.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

WESTCHESTER ENTERPRISES, INC., : Civil Action No.
a New York Corporation,
:
Plaintiff,
:
- against -
:
PATRICK PERRIN, a citizen of France,
and SOCIÉTÉ D'ORGANISATION :
CULTURELLE, also known as SOC,
a French Société à Responsabilité :
Limitée,                                **COMPLAINT**
:
Defendants.                             **Plaintiff Demands**
:                                       **Trial by Jury**
-----------------------------------------------------------x

Plaintiff, Westchester Enterprises, Inc., as and for its Complaint, respectfully sets forth and alleges:

### Nature of the Action

1. This is an action for breach of contract and breach of fiduciary duty in connection with an agreement between the parties to act as joint venturers to stage an arts and design show at the Park Avenue Armory in New York City. After the parties' agreement had been reached,

SL1 795473v1/103249.00001

plaintiff set out to perform it, incurring substantial expenses, including the rental of the Park Avenue Armory for the show's duration. The defendants, despite providing assurances of performance, and indeed, beginning to perform their part of the bargain, abruptly, and without warning, disavowed their agreement and responsibilities. Plaintiff, as a result of such breach of contract and fiduciary duty, sustained damages, not only for its outlays in reliance on their agreement, but for lost profits as well. Plaintiff brings this action to recover its damages.

## Parties

2.      Plaintiff (hereafter "WE") is a New York corporation with its principal place of business located at 411 Theodore Fremd Avenue, Suite 105, Rye, New York 10580.

3.      Defendant Patrick Perrin (hereafter "Perrin") is a citizen of France, born December 4, 1959 in Suresnes (92150), residing at 194 Boulevard Saint-Germain, 75007 – Paris. Perrin does not have permanent residence in the United States.

4.      Defendant Société d'Organisation Culturelle, also known as SOC (hereafter "SOC"), is a French Société à Responsabilité Limitée (S.A.R.L.) with a share capital of EUR 7,622.45, having its principal place of business at 102 Rue du Faubourg St. Honoré, 75008 – Paris, registered with the Paris Registry of Trade and Companies under no.º 408 970 929, and represented by Perrin (manager).

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332(a)(2), based on the diversity of citizenship of the parties, since the plaintiff is a citizen of the State of New York, and the defendants are citizens of France, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has jurisdiction over the persons of the defendants, since the defendants contracted with the plaintiff to supply services in the City of New York, County of New York, and State of New York and within this district in connection with an arts and design show at the Park Avenue Armory. This Court also has jurisdiction over the persons of the defendants, since the defendants committed a tortuous act, breaching their fiduciary duty to plaintiff, causing injury to plaintiff within the State of New York and within this district, the defendants should reasonably expect such act to have consequences in the State of New York and within this district, and the defendants derive substantial revenue from international commerce.

7. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(a)(2)-(3), since the acts and omissions giving rise to plaintiff's claim occurred in this district and the defendants are subject to personal jurisdiction in this district. Venue is also proper in this district, pursuant to 28 U.S.C. § 1391(d), since the defendants are aliens who may be sued in any district.

### Background

8. Plaintiff is in the business of staging art and antique shows in the United States, principally in New York City. The principal of plaintiff is Margaret Wendy ("Wendy"), who is also known as M. Lynn Geslin.

9. Defendant SOC is in the business of staging art, design and jewelry shows throughout Europe, including Paris, London, Salzburg, Moscow and Monaco. Defendant Perrin is the principal of SOC.

10. In June 2007, Wendy was introduced Perrin in Moscow, and the two began discussing creating a joint venture to stage an elegant arts and design show in New York City. These discussions continued in Paris and London through the Fall of 2007.

11. In October 2007 in London, the discussions culminated in the parties' reaching an agreement, the principal provisions of which are as follows:

    a. The parties agreed to be become partners and to form a New York business entity with limited liability for the purpose of staging an arts and design show at the New York Armory in February 2008 to be called the Pavillon of Arts and Design New York, the focus of which to be on 20th Century design, furnishings, art and jewelry.

    b. The profits from such show were to be divided equally between WE, on the one hand, and Perrin and SOC, on the other hand.

    c. WE promised to undertake the following responsibilities:

        (1) to lease space with the Armory, including permits, parking control, move in/out schedules, insurances, deposits and payment;

        (2) to send contacts to dealers and collect money (in U.S. dollars);

        (3) to coordinate charity events;

        (4) to handle advertising and publicity in the United States; and

        (5) to promote the Pavillon of Arts and Design New York at other WE events.

    d. Perrin and SOC promised to undertake the following responsibilities:

        (1) to sell exhibitor space;

        (2) to secure sponsorship with HSBC (a U.S. bank);

        (3) to send contracts and collect money (in U.S. dollars);

        (4) to handle promotion in Europe;

        (5) to design the floor plan;

        (6) to design the look of the advertising / promotion materials; and

     (7)     to promote the Pavillon of Arts and Design New York at other Perrin and SOC events.

12. After reaching the agreement, WE took steps to perform the agreement. In particular, WE caused the formation of a New York limited liability company named Pavillon of Arts and Design New York LLC, cancelled a previously arranged annual show of its own in the Armory (a show that annually yielded WE a profit of $200,000), leased the space with Armory, sent contacts to dealers to exhibit at the show, coordinated with charities for events to be staged at the show, coordinated with advertising and publicity firms, and promoted the Pavillon of Arts and Design New York at other WE events.

13. WE incurred substantial expenses in connection with performing the agreement, including paying $260,000 to lease the Armory and $840 in legal fees in forming Pavillon of Arts and Design New York LLC.

14. After reaching the agreement, Perrin and SOC also took steps to perform the agreement. In particular, Perrin and SOC commenced efforts to sell exhibitor space, to design a floor plan, and to design the look of promotional materials.

15. On December 14, 2007, after WE had sought assurances that Perrin and SOC were taking all necessary steps to ensure a successful show, Perrin abruptly sent Wendy an email communication stating that he and SOC had "never agreed to work with" WE.

16. As a result, the show was cancelled, and WE had lost the money spent in performing the agreement, as well as its share of the profit expected to be generated from the show.

### First Claim for Relief – Breach of Contract

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16, as is set forth at length herein.

18. A valid contract was entered into between WE and Perrin and SOC.

19. WE performed all of its obligations under such contract.

20. Perrin and SOC breached the contract.

21. WE suffered damages as a result of such breach including out-of-pocket losses exceeding $260,840 and lost profits, after recouping expenses, exceeding $400,000.

22. WE is entitled to a money judgment against Perrin and SOC, jointly and severally, for breach of contract in an amount to be determined by this Court, plus interest from December 14, 2007, and the costs of this action.

### Second Claim for Relief – Breach of Fiduciary Duty

23. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 16, as is set forth at length herein.

24. By agreeing to become partners with WE in a business enterprise, Perrin and SOC owed fiduciary duties to WE.

25. Perrin and SOC breach such fiduciaries duties to SOC by permitting to WE to incur substantial expenses in furtherance of the business enterprise and in expectation of profit from the business enterprise, and then improperly and abruptly refusing to take further part in the business enterprise.

26. WE suffered damages as a result of such breach including out-of-pocket losses exceeding $260,840 and lost profits, after recouping expenses, exceeding $400,000.

27. WE is entitled to a money judgment against Perrin and SOC, jointly and severally, for breach of fiduciary duty in an amount to be determined by this Court, plus interest from December 14, 2007, and the costs of this action.

### Jury Demand

28. Plaintiff demands trial by jury as to all issues for which a jury trial may be had.

### Demand for Judgment

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in an amount to be determined by this Court, plus interest from December 14, 2007, and the costs of this action.

Dated: New York, New York
April 1, 2008

STEVENS & LEE, P.C.

By: _____
Alec P. Ostrow
Constantine D. Pourakis
485 Madison Avenue
New York, New York 10022
Telephone: (212) 319-8500
Facsimile: (212) 319-8505
Email: apo@stevenslee.com
cp@stevenslee.com

Attorneys for Plaintiff
Westchester Enterprises, Inc.